UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANDREW W.,[1] Plaintiff, | ) | |
| v. | ) | No. 1:25-cv-01659-JPH-MG |
| FRANK BISIGNANO, Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On February 4, 2021, Plaintiff Andrew W. filed a Title II application for a period of disability and disability insurance benefits, as well as a Title XVI application for supplemental security income. [Filing No. 11-2 at 18.] In both applications, Plaintiff alleged disability beginning on December 28, 2020. [Filing No. 11-2 at 18.] Following denials at the initial and reconsideration levels, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). [Filing No. 11-2 at 18.] A hearing was held on June 7, 2024, before the ALJ. [Filing No. 11-2 at 18.] On July 25, 2024, the ALJ issued a decision denying Plaintiff benefits, [Filing No. 11-2 at 30], and on June 27, 2025, the Appeals Council denied Plaintiff's request for review. [Filing No. 11-2 at 2.] Plaintiff then timely sought review from this Court. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the ALJ's decision be **REVERSED and REMANDED**.

## I. Legal Standard

"The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 587 U.S. 97, 98 (2019). Disability is the inability "to engage in any substantial gainful activity by reason of any

[1] To protect the privacy interests of claimants for Social Security benefits, the Southern District of Indiana has chosen to use only the first name and last initial of non-governmental parties in its Social Security review opinions.

medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018) (citing 42 U.S.C. § 423(d)(1)(A)).

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standard, and that substantial evidence exists for the ALJ's decision. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 587 U.S. at 103. "Although this Court reviews the record as a whole, it cannot substitute its own judgment for that of the SSA by reevaluating the facts, or reweighing the evidence to decide whether a claimant is in fact disabled." *Stephens*, 888 F.3d at 327. Reviewing courts also "do not decide questions of credibility, deferring instead to the ALJ's conclusions unless 'patently wrong.'" *Zoch v. Saul*, 981 F.3d 597, 601 (7th Cir. 2020) (quoting *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017)). The Court does "determine whether the ALJ built an 'accurate and logical bridge' between the evidence and the conclusion." *Peeters v. Saul*, 975 F.3d 639, 641 (7th Cir. 2020) (quoting *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014)). In creating a logical bridge, the ALJ must meet the "minimal articulation requirements" when making the decision. *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024) ("An ALJ need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning."); *see Zellweger v. Saul*, 984 F.3d 1251, 1252 (7th Cir. 2021) (explaining the court reviews the ALJ's decision holistically).

## II. Factual Background

The ALJ's decision finding Plaintiff not disabled followed the required five step evaluation process in 20 C.F.R. § 404.1520. Specifically, the ALJ found:

- At Step One, that Plaintiff "ha[d] not engaged in substantial gainful activity since December 28, 2020, the alleged onset date."
- At Step Two, that Plaintiff "ha[d] the following severe impairments: traumatic brain injury, degenerative disc disease, migraine headache disorder, neurocognitive disorder, depressive disorder, anxiety disorder, functional neurologic disorder/conversion disorder, and post- traumatic stress disorder (PTSD)."
- At Step Three, that Plaintiff "d[id] not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."
- At Step Three but before Step Four, that Plaintiff "ha[d] the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except no climbing of ladders, ropes, scaffolds, or stairs; occasional climbing of ramps, stooping, kneeling, and crouching; no crawling or balancing as defined in Dictionary of Occupational Titles; no exposure to hazards such as unprotected elevations or dangerous moving machinery; frequent handling, fingering, and feeling; no exposure to vibration; no more than moderate noise levels; no light brighter than a typical office or retail environment; simple work; occasional interaction with co- workers and supervisors; work that does not require interaction with the general public; and work that does not have a specific production rate pace, such as work with an hourly production quota or assembly line work."

- At Step Four, that Plaintiff was "unable to perform any past relevant work[.]"

[Filing No. 11-2 at 20–27.] For these reasons, the ALJ concluded Plaintiff had "not been under a disability, as defined in the Social Security Act, from December 28, 2020, through the date of [her] decision." [Filing No. 11-2 at 30.]

**III. Discussion**

Plaintiff argues the ALJ erred in two ways: (1) she failed to properly address SSR 16-3p; and (2) she failed to properly consider the medical opinions of record or provide a determination of their consistency and supportability.

The Court begins with Plaintiff's challenge to the ALJ's consideration of the medical opinions of record, specifically that of Dr. Richard Schuster. Dr. Schuster has been Plaintiff's treating family medicine and neuromusculoskeletal doctor since December 2021. *See* [Filing No. 11-11 at 398.] In June 2024, Dr. Schuster completed a residual functional capacity ("RFC") questionnaire listing Plaintiff's diagnoses as PTSD, post-concussive syndrome, amnesia, and tic of organic origin. [Filing No. 11-11 at 398.] Dr. Schuster described Plaintiff's prognosis as "guarded" and listed Plaintiff's symptoms as follows: tinnitus, headaches, photophobia, neck pain, balance issues, fatigue, and poor sleep. [Filing No. 11-11 at 398.] Regarding the character and nature of Plaintiff's pain, Dr. Schuster stated Plaintiff's neck pain and headaches were indistinguishable, that there was pain in the back of the head to crown, as well as some frontal and factual pain. [Filing No. 11-11 at 398.] Dr. Schuster described the frequency of Plaintiff's pain as "constant" but remarked that it "waxe[d] and wane[d]." [Filing No. 11-11 at 398.]

Dr. Schuster opined that Plaintiff was able to stand and walk for two hours and sit for four hours in an eight-hour workday; would need the option to sit or stand; could occasionally lift less than 10 pounds; could rarely lift 20 pounds; could occasionally stoop or crouch; could rarely climb

ladders or stairs; could never balance; had limited handling, fingering, and reaching in all directions; would miss more than four work days per month; and needed to avoid all environmental hazards. [Filing No. 11-11 at 399–402.] The ALJ found these opinions to be "largely unpersuasive" because the restrictions were "inconsistent [with] medical evidence documenting no muscle atrophy, intact sensation, and full motor strength." [Filing No. 11-2 at 26.] In support of her conclusion, the ALJ also cited Dr. Schuster's failure to provide objective medical evidence in support of his opined limitations. [Filing No. 11-2 at 26.]

The regulation governing the Social Security Administration's ("the Agency") consideration of medical opinions, 20 C.F.R. § 404.1520c, sets forth five factors to determine an opinion's persuasiveness: (1) supportability, (2) consistency, (3) the medical source's relationship with the claimant, (4) whether the medical source has an advanced specialization, and (5) other factors, such as the medical source's familiarity with other evidence in the claim. "The regulation provides, in key part, that 'the most important factors' the Agency should consider are the first two: 'supportability . . . and consistency.' *Liapis v. Bisignano*, No. 24-3170, 2026 WL 1948808, at *3 (7th Cir. July 6, 2026) (citing *id.* § 404.1520c(b)(2)). "[W]hile a detailed analysis is not required, the ALJ must consider the regulatory factors and explain why a medical opinion is not supported or is not consistent with the record to give a reviewing court the bridge to connect the outcome to the record." *Evonne R. v. Kijakazi*, No. 20-cv-7652, 2022 WL 874650, at *5 (N.D. Ill. Mar. 24, 2022) (citations omitted).

Plaintiff highlights a myriad of issues with the ALJ's treatment of Dr. Schuster's medical opinion, including that she impermissibly played doctor while evaluating the consistency of Dr. Schuster's opinion. "To gauge consistency, the ALJ considers the extent to which the medical opinion is consistent with other medical evidence in the record." *Cain v. Bisignano*, 148 F.4th 490,

497 (7th Cir. 2025). Here, the ALJ determined Dr. Schuster's opinion was unpersuasive because he had documented intact sensation, full motor strength, and no evidence of muscle atrophy during Plaintiff's past examinations. [Filing No. 11-11 at 336, 367, 372, 374.] But, as Plaintiff points out, the ALJ's "observations about Andrew's sensation, muscle tone, and strength are not necessarily inconsistent" with Dr. Schuster's assessed limitations, which may have been based on Plaintiff's chronic pain. [Filing No. 11-11 at 398] (listing headaches, neck pain, and fatigue as Plaintiff's symptoms).

This is not unchartered territory: Other district courts within this circuit have considered whether an ALJ errs by concluding that evidence of muscle strength or intact sensation is inconsistent with chronic pain. *See* *Otis S. v. Saul*, No. 1:18-cv-372, 2019 WL 7669923, at *3 (N.D. Ind. Dec. 19, 2019) ("[A]s several courts in this circuit have acknowledged, even full muscle strength is consistent with impairments that cause pain and thereby affect a claimant's functional limitations, including limited abilities to stand or walk."); *Blankenship v. Comm'r of Soc. Sec.*, No. 1:22-cv-00018, 2022 WL 17495240, at *10 (N.D. Ind. Dec. 7, 2022) ("But findings of normal muscle strength, reflexes, or sensation are not necessarily inconsistent with chronic back pain."); *Charles B. v. Saul*, No. 18-c-1377, 2019 WL 3557055, at *9 (N.D. Ill. Aug. 1, 2019) ("the ALJ appears to have improperly resorted to playing doctor when he found that evidence of full strength in [the plaintiff's] extremities was inconsistent with [a medical opinion] on [the plaintiff's] limitations and severe pain.").

In *Koepke v. Commissioner*, the Northern District of Indiana confronted this issue. No. 3:24-cv-502, 2025 WL 2115481, at *6 (N.D. Ind. July 28, 2025). The plaintiff sought disability benefits based on, in part, his chronic pain. *Id.* In the process of finding plaintiff not disabled, the ALJ discounted the medical opinions of two treating physicians and one consultative examiner,

with the primary rationale being that the plaintiff's "extremity strength was found to be normal." *Id.* On review, the court described this reasoning as problematic, noting that "the ALJ offer[ed] no explanation of how normal extremity strength contradict[ed] the medical opinions or how it correlate[d] with the severity of [the plaintiff's] back pain in this specific case." *Id.* Because the ALJ had "succumbed to the temptation to 'play doctor'" the court remanded the case to the Agency. *Id.*

Here, the ALJ's reasoning suffers from the same deficiencies as those outlined in *Koepke*. While she was not required to give Dr. Schuster's opinion controlling weight, the ALJ needed to adequately explain why a finding of muscle strength or intact sensation undermined the limitations Dr. Schuster assessed or was inconsistent with Plaintiff's chronic pain. *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011). In addition to Dr. Schuster's medical records documenting intact sensation, full motor strength, and no evidence of muscle atrophy, they also consistently documented Plaintiff's chronic headaches and head pain, [Filing No. 11-11 at 335, 339, 366, 369, 375, 376], which the ALJ found to be a severe impairment, [Filing No. 11-2 at 20.] With no accompanying explanation from the ALJ, the Court is unsure why she concluded that medical records indicating muscle strength and intact sensation contradicted Dr. Schuster's questionnaire. *Blankenship*, 2022 WL 17495240 at *10; *see also Adaire v. Colvin*, 778 F.3d 685, 688 (7th Cir. 2015) ("The administrative law judge said that [the plaintiff] was seen to be able to move around 'with ease and had a normal gait.' In other words, he does not limp. She didn't explain why, if the applicant's evidence of pain were truthful, it would imply that he limps.") Consequently, "it appears that the ALJ succumbed to the temptation to 'play doctor' when [s]he independently concluded that [intact sensation, full motor strength, and the lack of muscle atrophy were] inconsistent with chronic pain." *Blankenship*, 2022 WL 17495240 at *10; *see Charles B.*, 2019 WL 3557055, at *9

("The ALJ did not point to any medical evidence indicating that muscle strength must be diminished as a result of severe pain.") In his response brief, the Commissioner argues that the ALJ "reasonably considered that despite complaints of pain, some of Dr. Schuster's own examinations showed normal strength, no atrophy, and normal sensation[.]" [Filing No. 17 at 14.] The Commissioner's rebuttal simply regurgitates the ALJ's insufficient reasoning: Merely citing normal physical findings was not enough, the ALJ needed to explain why these normal findings were inconsistent with the limitations Dr. Schuster assessed, so much so that his opinion was deemed "largely unpersuasive." [Filing No. 11-2 at 26.] With no such explanation offered, the ALJ failed to build a requisite logical bridge between the evidence and her conclusion. *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014). Remand is warranted on this issue.

## IV. Conclusion

Because the Court is recommending that this case be remanded, it need not address Plaintiff's remaining arguments, though he may raise those arguments before the ALJ.

For all these reasons, the Magistrate Judge recommends that the Court **REVERSE and REMAND** the ALJ's opinion pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration, consistent with this opinion.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

**SO RECOMMENDED** the 28th day of July.

Date: 7/28/2026

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution**:

Jay Hinsley
SSA-Ogc
jay.hinsley@ssa.gov

Keeya Jeffrey
Social Security Administration
keeya.jeffrey@ssa.gov

Kirsten Elaine Wold
Hankey Marks & Crider
kwold@hankeylaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov